## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CLAYTON J. MARTIN,**

      **Plaintiff,**

      **v.**                        **CASE NO.  23-3001-JWL-JPO**

**J. COLIN REYNOLDS, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case.  At the time of filing, Plaintiff was a pretrial detainee at the Barton County Jail in Great Bend, Kansas.  Plaintiff is currently in detention at the Finney County Jail in Garden City, Kansas.   On January 6, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff an opportunity to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's responses (Docs. 8, 9).

The Court found in the MOSC that Plaintiff's claims relate to his state criminal proceedings.  *See State v. Martin*, Case No. 2020-CR-25 (District Court of Barton County, Kansas).  Plaintiff names his defense attorney and the state prosecutors as defendants.  Plaintiff alleges that he was denied bond, the assistant district attorney "impersonated Judge Richard Burgess" at Plaintiff's court review hearing on a zoom video, and he can prove that he was in court on January 7, 2021.  (Doc. 1, at 4.)  Plaintiff alleges that the other defendants were the assistant district attorney's accomplices.  *Id*.  Plaintiff states that he attempted to get his case dismissed in state court, but his motion to dismiss was rejected.  (Doc. 1–1, at 4.)

Plaintiff names as defendants:  J. Colin Reynolds, Assistant Barton County Attorney; Rita Sunderland, Assistant Barton County Attorney; and Audra Asher, attorney.  For relief, Plaintiff

seeks to have the assistant district attorney charged with a crime and money damages.  *Id*. at 4.

The Court found in the MOSC that it may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).  The Court directed  Plaintiff to show good cause why the Court should not abstain under *Younger*.

The Court also found that to the extent Plaintiff challenges the validity of a conviction and sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C.

§ 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477.

The Court also found that Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity, and Plaintiff failed to show that his state court defense attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

Plaintiff's responses fail to show good cause why this matter should not be dismissed. Plaintiff continues to make arguments about his state criminal case. He argues that although he was told that his state court proceeding had been continued due to his attorney being quarantined, he was subsequently arrested for failure to appear. (Doc. 8, at 1.) Plaintiff alleges that on December 29, 2022, he was brought back to Kansas from Oklahoma on an extradition warrant. (Doc. 9, at 1.) Plaintiff alleges that it would be indecent for the Barton County Courts to set his case for trial because he believes the courts and the district attorneys are manipulating the court

documents and his public defenders. *Id*. at 2.   Plaintiff alleges that he was denied bail on January 26, 2023.  *Id*.

Plaintiff's state criminal case is ongoing, and he names defendants that are either immune or are not state actors.  The Court dismisses this matter for the reasons set forth in this Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated February 9, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**